UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVGENI BONDAR** | : | **DOCKET NO. 2:07-cv-1336**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **IMMIGRATION & CUSTOMS ENFORCEMENT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Evgeni Bondar, pursuant to 28 U.S.C. §2241. By this petition, petitioner seeks review of his custody status. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Based upon the allegations in the petition, the court ordered the respondent to answer the petition. Following the filing of the answer, the court determined that an evidentiary hearing was necessary for the adjudication of this habeas corpus petition. The evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date, the respondent notified the court that the respondent has decided to release petitioner from post-removal-order detention pursuant to an Order of Supervision. In light of this representation, it was requested that the evidentiary hearing on this matter be continued. Court-appointed counsel for petitioner did not a continuance. The respondent was given until December 7, 2007 to present summary judgment evidence on the issue of whether petitioner has been released from post-removal-order custody. On November 30, 2007, respondent filed summary

judgment type evidence indicating that petitioner had been released from custody on November 29, 2007 to an Order of Supervision. [doc. 21]. No contradictory summary judgment evidence has been filed on behalf of petitioner.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the petition be DENIED and DISMISSED as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, December 11, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE